FILED
2020 JUN 19 PM 4:25
CLERK
U.S. DISTRICT COURT

SCOTT KEITH WILSON, Federal Public Defender (#7347)
BENJAMIN C. McMURRAY, Assistant Federal Public Defender (#9926)
FEDERAL PUBLIC DEFENDER - DISTRICT OF UTAH
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Fax: (801) 524-4060

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CODY ALAN REECE,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | MOTION TO VACATE CONVICTION PURSUANT TO 28 U.S.C. § 2255<br><br>Civil Case No. _____<br>(Crim. Case No. 2:10-cr-770 DN)<br><br>(Filed pursuant to General Order 20-013) |

Petitioner Cody Alan Reece, through undersigned counsel, asks the court to vacate his conviction and set aside the judgment in this case pursuant to 28 U.S.C. § 2255. As explained below, his conviction under 18 U.S.C. § 922(g) must be vacated in light of the Supreme Court's recent decision in *Rehaif v. United States*, \_\_ U.S.\_\_, 139 S. Ct. 2191 (2019).

## Background

1. Mr. Reece pleaded guilty to unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g).

2. Mr. Reece has not filed a § 2255 motion prior to the instant pleading.

Case: 2:20−cv−00391
Assigned To : Nuffer, David
Assign. Date : 6/19/2020
Description: Reece v USA

**GROUND FOR RELIEF**

Mr. Reece's conviction should be vacated because his due process rights were violated when he entered a guilty plea that was not knowing and voluntary. Specifically, he did not know that the government was required to prove that he knew he had been convicted of a felony.

**I.     The Supreme Court abrogated longstanding Tenth Circuit precedent by expanding the knowledge requirement in 18 U.S.C. § 922(g).**

18 U.S.C. § 922(g) provides that "[i]t shall be unlawful" for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition. In *Rehaif*, the Supreme Court held that the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. In other words, an individual is not guilty of violating § 922(g) unless he had knowledge of his prohibited status within one of the nine categories under the statute at the time he possessed a firearm.

In so holding, *Rehaif* abrogated longstanding Tenth Circuit precedent (as well as that of every federal court of appeals) holding that a defendant's knowledge of his prohibited status is not an element of a § 922(g) offense. 139 S. Ct. at 2196 (citing *United States v. Games-Perez*, 667 F.3d 1136, 1143 (10th Cir. 2012) (Gorsuch, J. concurring)). *See also United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (en banc); *see also United States v. Huet*, 665 F.3d 588, 596 (3d Cir. 2012); *United States v. Rose*, 587 F.3d 695, 705-06 & n.9 (5th Cir. 2009); *United States v. Bryant*, 523 F.3d 349, 354 (D.C. Cir. 2008); *United States v. Olender*, 338 F.3d 629, 637 (6th Cir. 2003); *United States v. Lane*, 267 F.3d 715, 720 (7th Cir. 2001); *United States v. Kind*, 194 F.3d 900, 907 (8th Cir. 1999); *United States v. Miller*, 105 F.3d 552, 555 (9th Cir. 1997); *United States v. Jackson*, 120 F.3d 1226 (11th Cir. 1997); *United States v. Smith*, 940 F.2d 710, 713 (1st Cir. 1991).

## II.     Petitioner's § 922(g) conviction should be vacated under *Rehaif*.

Under *Rehaif*, Mr. Reece's guilty plea was invalid because this Court accepted it without advising him of the element requiring knowledge of his prohibited status under § 922(g). Because the Court failed to advise Mr. Reece of an element of the offense to which he pled guilty, the plea was not knowingly and intelligently made, so it violated the Due Process Clause under the Constitution and Fed. R. Crim. P. 11(b)(G).

## III.    *Rehaif* is retroactively applicable to Cody Alan Reece's case.

*Rehaif* is retroactively applicable here. Under *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a rule that is "substantive." *Welch v. United States*, __ U.S.__, 136 S. Ct. 1257, 1264 (2016). A decision is "substantive" if it "alters the range of conduct or the class of persons that the law punishes." *Id.* at 1264-65 (citation omitted). "This includes decisions that narrow the scope of a criminal statute by interpreting its terms." *Id.* at 1265 (citation omitted).

*Rehaif* is exactly such decision. Before *Rehaif*, the lower courts, including the Tenth Circuit, had interpreted § 922(g) to punish the possession of firearms by individuals who fell within a prohibited class, even if they did not know that they fell within the prohibited class at the time they possessed the firearms. *Rehaif* narrowed the scope of § 922(g) by interpreting it to require knowledge of one's prohibited status at the time a firearm is possessed. By altering the range of conduct and class of persons punishable under § 922(g), *Rehaif* announced a substantive rule that is retroactive.

The Supreme Court's decision in *Bousley v. United States*, 523 U.S. 614 (1998), reinforces that *Rehaif* is retroactive. In *Bousley*, 523 U.S. at 620-21, the Supreme Court held that its decision in *Bailey v. United States*, 516 U.S. 137 (1995), was substantive, and therefore, retroactive. In *Bailey*, the Supreme Court construed 18 U.S.C. § 924(c)(1), which at the time, only criminalized

3

the "use" or "carr[ying]" of a firearm during and in relation to a crime of violence. Previously, some lower courts had interpreted the "use" language in the provision to require only accessibility and proximity to the firearm, not active employment of the firearm. But in *Bailey*, the Supreme Court held that "active employment" of the firearm was required under § 924(c)(1). 516 U.S. at 144. In *Bousley*, the Supreme Court ruled that *Bailey* announced a substantive (and, therefore, retroactive) rule because it narrowed the scope of the § 924(c) statute by holding that the statute "does not reach certain conduct"—i.e., the non-active use of a firearm. *Bousley*, 523 U.S. at 620. Likewise, *Rehaif* announced a substantive (and, therefore, retroactive) rule because it narrowed the scope of the § 922(g) statute by holding that it does not reach certain conduct—i.e., the possession of a firearm by a defendant who, at the time, had no knowledge of his prohibited status.

## **RELIEF REQUESTED**

The failure to give notice of and establish all elements of § 922(g) is a structural error that does not require a showing of prejudice. *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020). And because this error is constitutional, Mr. Reece is entitled to relief under 28 U.S.C. § 2255(a), and his conviction should be vacated.

However, the Tenth Circuit has held that this error is *not* structural. *United States v. Trujillo*, -- F.3d. --, 2020 WL 2745526 at *5 (10th Cir. 2020); *United States v. Coleman*, -- F.3d --, 2020 WL 3039057 (8th Cir. 2020). In light of the circuit split on this issue, counsel asserts that the Defendant *was* prejudiced by this omission and has filed this motion in order to preserve the constitutional claims in the face of the circuit split.

DATED this 18th day of June, 2020.

*/s/ Benjamin C. McMurray*
BENJAMIN C. McMURRAY
Assistant Federal Public Defender
